IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GLENVILLE HOMES, et al., ) | CASE NO. 1:24 CV 1048 |
| Plaintiffs, ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| LEARIA COX, ) | |
| Defendant. ) | **MEMORANDUM OPINION AND ORDER** |

*Pro se* defendant Learia Cox filed this removal action against Glenville Homes, Famicos Foundation, Famicos Foundation Board Members, City of Cleveland, Judge Mona Scott, Daniel Burns, and Magistrate Mark Wiseman. (ECF Nos. 1, 3). Ms. Cox filed two documents purporting to be notices of removal. In the documents, Ms. Cox appears to request this Court remove her state court eviction action from the Cleveland Municipal Court. She states that the basis for this request is her amended counterclaim, in which Ms. Cox alleges defendants violated her constitutional rights during the state court action. (*Id.*).

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions that arise under federal law, *see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship and exceed $75,000 in controversy, *see* 28 U.S.C. § 1332.

The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). And "because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (alteration in original) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65, 33 V.I. 385 (3d Cir. 1996)).

Federal question jurisdiction under 28 U.S.C. § 1331 is present only when a federal question appears "on the face of the plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Federal counterclaims and defenses are "inadequate to confer federal jurisdiction," and do not provide a basis for removal. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002) (finding that, pursuant to the well-pleaded-complaint rule, a counterclaim cannot serve as the basis for a federal court's "arising under" jurisdiction).

To remove a civil action from state court to federal court, the following pleading requirements must be met: (1) the defendant or defendants must file in the district court a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant or defendants; and (2) the notice of removal must be filed

within 30 days of receiving the complaint or summons, whichever period is shorter, or within 30 days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained. 28 U.S.C. § 1446(a) and (b).

As an initial matter, this action has not been properly removed. The only documents filed in this case are Ms. Cox's "removal" and her "amended removal." (*See* ECF Nos. 1, 3). Ms. Cox has failed to file any pleadings from Cleveland Municipal Court. And it is not apparent from the removal notices that Ms. Cox has timely filed a notice of removal. Additionally, Ms. Cox could not have brought this action originally in federal court. Diversity of citizenship is not present, and from the limited information provided in Ms. Cox's removal documents, this action appears to concern a state court eviction action. Such determinations are a matter of state law. And there is no suggestion of a federal claim in the documents filed in this action. Moreover, Ms. Cox's counterclaims do not provide a basis for removal. *Beneficial Nat'l Bank*, 539 U.S. at 6. There is therefore no valid basis for an exercise of federal removal jurisdiction in this case.

Accordingly, because Ms. Cox did not properly remove the action from the Cleveland Municipal Court, it is not necessary to remand the matter to state court. The Court therefore dismisses this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 23, 2024